TERAH B. FARNSWORTH, impleaded, &c., Pltff in Error *v.* JOHN STRASLER, *et al.*, administrators, &c., Defts in Error.

ERROR TO JO DAVIES.

It is the proper province of a court of equity, to remove impediments formed by fraudulent conveyances to the collection of money decreed in chancery, as well as of judgments at law.

If, by a reasonable and natural construction, the meaning of the Sheriff's return to a writ, is, that service was properly made, it is sufficient.

If a bill is answered, the complainant may require the evidence he has advanced to be preserved in the record; but a defendant, who has allowed the bill to be taken for confessed, has no such right, it lies in the discretion of the Court to hear, if it chooses, corroborative testimony on any or all the allegations of the bill.

If the Circuit Court appoint a special commission to execute its decree, it will be presumed to have done so for good reasons, whether they appear on the record or not.

The right of redemption, does not extend to all sales made under a decree in chancery.

This was a bill filed by the administrator and administratrix of the estate of Henry Schneider, deceased, showing that at April

term, 1849, a decree obtained against Terah B. Farnsworth, ordering and adjudging that he should pay them in their representative capacity, $187 50, and costs of suit, for pay and compensation for a building and improvements, put upon lot twenty-two in the town of Galena, by said Schneider, in his life time.   That an execution had issued upon said decree, and to which the sheriff returned that he could not find any personal or real property of said Farnsworth, on which to levy, except said lot twenty-two, upon which he made a levy.   That on the thirtieth day of May, A. D. 1843, the said Farnsworth being seized in fee of said lot of land, for the pretended consideration of $5,000 00, executed a deed thereof to his sister.   That afterwards, on the 22d of September, 1845, the said sister, being about to marry, the said sister and her intended husband executed a deed of conveyance, purporting to convey said lot to said Terah B. Farnsworth, in trust, for the separate use and benefit of his said sister. That immediately afterwards said sister married.   That at all times since the conveyance, first aforesaid, by Farnsworth to his sister, he had been in the continuous occupation of said lot, receiving, using, and disposing of, as of his own right, the rents and profits thereof.

That said Farnsworth, before and since the said conveyance, first named, was, and still is, insolvent.   That he has no property out of which debts can be collected by law.   That the said conveyances were made to hinder and delay his creditors.   And prayed that the said parties answer, waiving answer under oath, and that the said conveyances be set aside, and for such other relief, &c., &c.

The parties were summoned, the returns to the process, are stated in the opinion of the Court.

The bill was taken for confessed.   At May term, 1850, Sheldon, Judge, presiding, the Circuit Court of Jo Davies, decreed upon bill, exhibits and proofs of record, written and oral, that the said conveyances be set aside, and that the lot of land was subject to the payment of said decree.   That said Farns worth pay the amount of said decree in sixty days, and in default thereof, the sheriff of Jo Davies, was appointed a special commissioner, to sell the same after giving twenty days notice, and upon making sale to execute a deed, after sale, to pay the

decree and costs, and to hold any excess subject to the order of the Court.

The respondents sued out this writ of error, assigning for error. The rendition of the decree. The decreeing the property to be sold, absolutely without any redemption. The appointment of a special commissioner. And that the returns of the service of process were so defective that a decree *pro confesso*, should not have been rendered.

R. S. BLACKWELL, for Pltffs in Error.

The service on Frink and wife defective. R. S. 94, § 7; Montgomery *v.* Brown, 7 Illinois, 581. There is no specific allegation of fraud on the part of Frink and wife. Elston *v.* Blanchard, 3 Illinois, 420. Hovey *v.* Holcomb, 11 Ill., 660. The bill does not make exhibits of the fraudulent deeds. 1 Daniel's Ch. ·Prac., 475. Redemption ought to have been allowed. R. S., 302, §12, 13, 14.

The evidence upon which the Court based the decree, is not incorporated in the record. R. S., 95, § 19 ; White *v.* Morrison, 11 Illinois, 361.

The decree ought to have directed a sale by the master, or some excuse should be shown upon the record, why a special commissioner was appointed. R. S. 99, § 51.

V. H. HIGGINS, for Appellees.

Cited, 3 Scammon, 575, 204; 3 Gilman, 523; 1 Paige, 304; 2 Paige, 54; 2 Blackford, 421; 1 Littell, 302; 9 Wendell, 548. 6 Ham., 233 ; 3 Paige, 320; 5 Blackford, 396; Story's Eq. Pl., § 429; 6 Monroe, 82; 7 *ibid*, 263; 3 Paige, 606; 11 Ill., 665.

As to term "*charges.*" Cooper's Eq. Pl., 6 Lube's Eq. Pl., 207; 1 Dun., Ch. Prac., 377, and note 2; *ibid*, 411 and notes; Story's Eq. Pl. § 28. As to necessity of preserving evidence. 4 Gil., 517; 3 Gil., 547. As to right of redemption. R. S., 305, § 24; *ibid* 93, § 44, 45. Party complaining of an error must show that he is prejudiced thereby. 3 Blackford, 331; 4 Gil., 516; 3 Gil., 76; 5 Gil., 26. Reference to the deeds on record was sufficient. 1 Duncan's Ch. Prac., 414, and 420.

Farnsworth alone prosecutes this writ of error, does not lie in his mouth to object. 4 Gil., 516; 3 Blackford, 331. As to right

of redemption. R. S., p. 305, § 24; 1 Gil., 574. The service of process was good. 2 Howard's Miss. R. 683; 2 Scam., 18, 457.

CATON, J. It is first objected that this bill is insufficient. This objection is not well taken. The bill alleges that at the April term, 1849, of the Jo Davies County Court, the complainant obtained a decree against the defendant Farnsworth for the the sum of $187 50, upon which an execution was issued which was levied upon the premises described in the bill. The bill further alleges that in May, 1843, Farnsworth conveyed the premises to Harriet Farnsworth, and that in September, 1845, Harriet and the defendant Frink, being about to intermarry, conveyed the premises to T. B. Farnsworth, in trust, for the separate use of the said Harriet, immediately after which, the said John and Harriet were intermarried. The bill further shows, that at the time of the first conveyance, and ever since, T. B. Farnsworth was, and hath been utterly insolvent, and that all of said conveyances were made to defraud his creditors. The bill prays that the conveyances may be set aside, and that the premises may be sold for the payment of the amount due to the complainants upon their said decree, and for general relief. Here are all of the essential averments of a creditor's bill. Such a bill may as well be filed to aid in the collection of money decreed in chancery, as of a judgment at law. By our statute, an execution may be issued for the collection of the one as well as the other. Here were.fraudulent conveyances, which were impediments in the way of the collection of the amount commanded to be made by the execution, to remove which, is the proper province of a court of equity. The bill was sufficient.

It was next objected, that the summonses were not properly served on the defendant. To the one issued to the sheriff of Jo Davies county, he returned it with this endorsement, "executed the within, by delivering a certified copy to the within-named Terah B. Farnsworth, this twenty-fifth day of July, A. D. 1849," &c. The service was abundantly sufficient. The whole return taken together shows that the sheriff left a certified copy of the writ with the defendant. That such was the reasonable and proper construction of the return, we have no doubt. Words may be implied in an officer's return, as well as in other written evidence, where such implication is justified, by what is expres-

sed. By the same rule, we find the service to have been suffi-cient on Frink and wife. The sheriff of Cook county returned the summons which was directed to him with the following en-dorsement on the back, "executed by reading and delivering two copies to John Frink and Harriet G. Frink, this 29th day," &c., although this return is not quite as full as the first, still it leaves no doubt as to its meaning. We cannot understand that any thing but the writ upon which the return was endorsed was executed. If the writ was not thus executed, the parties could maintain an action for a false return against the officer. All of the defendants were properly in Court, and the bill was reg-ularly taken for confessed, against them.

It was also objected, that the evidence which was heard by the Court, not being preserved in the record, it does not appear that there was enough to warrant the decree. It has been al-ready decided by this Court, in the case of Manchester *et al. v.* McKee, *et al.*, 4 Gilman, 511, that where a bill has been regularly taken for confessed, it cannot be assigned for error, that the aver-ments were not proved. The party cannot be allowed to deny, what he has, in contemplation of law, confessed to be true. But it was said that inasmuch as the Court did require proof, it man-ifested a determination not to proceed upon that confession, and that when proof is required,—when the Court has determined to proceed upon the proofs, then they should appear to have been sufficient. But the right of the Court to act upon the admissions of the parties, is not abandoned because corroborating proof is required. The Court may have desired to have heard proof upon some of the allegations, and not upon others. The amount of corroborating proof to be required, was within the discretion of the Court. The Court might require all the allegations of the bill to be proved, the same as if they had been denied by an an-swer, but it was certainly not bound to require proof to that extent. It might even listen to evidence not strictly admissible, had an issue been formed, and yet the position of the parties, would preclude them from objecting to it. The whole was within the discretion of the Court. It is true, that in a case where the com-plainant does produce legitimate evidence, sufficient to maintain his case, had the allegations of his bill been denied by an answer, then that discretion closes, and he is entitled to a decree, and it would be error in the Court to refuse it. In such a case, and in

such only, would it be the duty of the Court, on the application of the complainant to preserve the evidence in the record. But the defendant, who has allowed the bill to be taken as confessed, can never require this to be done.

We cannot say that the Circuit Court erred in appointing a special commissioner or master, to carry the decree into execution, although it was business properly appertaining to the duties of the resident master in that county, yet the Court was vested with the authority to appoint the special commissioner, to execute the decree, and we will presume that this change, from the ordinary course, was made for sufficient reasons, and the Court was not bound to spread those reasons upon the record.

The last objection which was made, is, that no redemption was allowed from the sale which was ordered to be made by the decree, and in support of the objection, our statute, which allows the same redemption from the sales of *mortgaged* premises, upon the foreclosure of the mortgage, which is allowed from sales made upon executions at law, was cited. This statute only applies to the class of sales mentioned in it, and we are not at liberty to extend it by construction to all sales made in pursuance of a decree of a court of equity. The Court having acquired jurisdiction of the matter, was authorized to do complete justice between the parties, by ordering the premises to be sold to satisfy the amount due upon the former decree, and the considerations of clemency, which induced the passage of that statute, do not exist where premises have been covered up for many years by fraudulent conveyances, and kept from the reach of creditors.

The decree of the Circuit Court must be affirmed, with costs.

*Decree affirmed.*