# ROBERT F. WAUGH

23  433
83  336

## v.

# FREDERICK SCHLENK.

*Equity Pleading and Practice—Variance between Bill and Proof—Default—Only Facts Properly Pleaded., Admitted—Action of Court—Presumption—Jurisdiction—Contract to Deprive Courts of, Void—Partnership Accounts—Rent.*

1. The default of a defendant in a bill in chancery admits only the facts which are properly alleged therein. The facts which the complainant could not have proved under the bill, if the defendant had answered, are not admitted by default.

2. Where the evidence did not authorize the decree for the complainant under his bill, the defendant can have the same advantage upon error as though a like decree had been rendered upon answer denying the allegations of the bill.

3. Although a good case may appear in the evidence, if it is substantially variant from that stated in the bill, relief can not be granted. This rule applies in a case wherein a default has been entered.

4. It will be presumed that the court below acted upon sufficient reason in vacating a reference to the regular master and appointing a special one, in the absence of anything to the contrary appearing of record.

5. An agreement to deprive the courts of jurisdiction is void.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of St. Clair County; the Hon. AMOS WATTS, Judge, presiding.

This was a bill in equity filed by appellee against the appellant to settle a partnership account, the partnership having been dissolved by mutual consent. The articles of co-partnership were in writing and made an exhibit to the bill. To a proper understanding of the point upon which the decision of the court rests, the following portion of the bill is copied from the record:

"The terms and conditions of said co-partnership are fully set forth in said articles herewith filed as aforesaid, to which

reference is hereby made for all matters therein contained, and hereby made a part of this bill of complaint. Said partnership business was continued and carried on from, etc., until, etc., when the same was dissolved by mutual consent. That during the continuation of said partnership business a large amount of goods was manufactured and sold by said firm to various parties on a credit and for cash, and that said business remains unsettled. And the complainant further represents unto your honor that no settlement of said co-partnership has ever been made between the said complainant and the said Robert F. Waugh, and that since said dissolution the complainant has repeatedly applied to the said Waugh to come to a final settlement and adjustment with respect thereto, and as provided in and by the said articles of co-partnership. And the complainant well hoped that the said Robert F. Waugh would have complied with the complainant's reasonable request in this behalf, and as by said articles of co-partnership provided, and as in justice and equity he ought to have done." As the dispute here arises out of rental agreed to be paid by the partnership to the appellant for the use of his plant for carrying on the business, no other provisions in the articles need be noticed. This provision witnesseth: "That the said parties have entered into this co-partnership for the purpose of manufacturing nail kegs and other kinds of cooperage they may consider to be to their mutual advantage, under the name of Robert F. Waugh & Co., and to continue for one year from the first day of January, 1874; and whereas, the said first party has now a cooper shop with all the necessary machinery for the manufacture of nail kegs in full operation, said first party having a large amount of stock on hand, part of which is in staves and heading, part in sawed blocks, part in wood and other material necessary for carrying on said manufacturing business, it is therefore agreed between said parties that said first party shall receive twelve hundred dollars ($1,200) per annum rent for his shop, machinery and one acre of land on which the same is located, with all buildings and improvements thereon, said rent to be paid monthly, in the sum of $100, on the last day of each and every month during said term of one year,

which said amount shall be charged to expense accounts of said firm, the same as all other expenses incurred in the prosecution of their business."

The defendant below was defaulted and the cause referred to the master to take proofs. At the next term of court the defendant entered his motion to set aside the default and tendered his answer, but his motion was overruled. At a subsequent term the cause was referred to a special master to take proofs and state his conclusion, which he proceeded to do in the absence of and without notice to appellant or his solicitors, and reported that appellant was owing the appellee for excess of rents retained, the sum of $466.67, for which a decree passed. Two days after filing the report the defendant entered his motion to set aside the decree, which motion was overruled, and he saved his exceptions and preserved the evidence by certificate and appealed to this court.

Messrs. DILL & SCHAEFER, for appellant.

The default of a defendant in a bill of chancery admits such facts as are properly alleged in the bill, but not their sufficiency to authorize the decree sought. Thompson v. Dearborn, 107 Ill. 87.

In De Leuw v. Neely, 71 Ill. 473, the bill to foreclose mortgage contained no allegation in regard to taxes; a decree *pro confesso* was taken and $45.40 was included for unpaid taxes. Held erroneous.

In Cronan v. Frizelle, 42 Ill. 319, the bill for vendor's lien failed to allege that the note was due and unpaid; a decree *pro confesso* was reversed. See also, Martin v. Hargardine, 46 Ill. 322; Wing v. Cropper, 35 Ill. 256; Frye v. Bank, 5 Gil. 332; Silsbe v. Lucas, 36 Ill. 462; Coss v. City of Chicago, 73 Ill. 394.

In Parkhurst v. Race, 100 Ill. 558, it is held, "error for the court to find a fact not alleged in the pleadings of the parties, but stated directly the reverse, and against the entire evidence preserved in the record."

The allegations and proofs must correspond and mutually support each other. A good case may appear in the evidence,

yet if it is variant from the one stated in the bill, no recovery can be had. Rowan v. Bowles, 21 Ill. 17; White v. Morrison, 11 Ill. 361; Chaffin v. Kimball, 23 Ill. 36; Lloyd v. Karnes, 45 Ill. 62, 70; Carmichael v. Reed, 45 Ill. 108; Heath v. Hall, 60 Ill. 344; House v. Davis, 60 Ill. 337; Helm v. Cantrell, 59 Ill. 524; Page v. Greeley, 75 Ill. 400; Tuck v. Downing, 76 Ill. 71; Berger v. Peterson, 78 Ill. 633.

It is a familiar rule of pleading that a party can not set out one contract in his bill and obtain relief upon another and different one. 1 Daniell's Ch. Pl. & Pr., 5th Ed. 361; Taylor v. Merrill, 55 Ill. 52; Ohling v. Luitjens, 32 Ill. 23, 29.

In Tiernan v. Granger, 65 Ill. 351, it is held that "where a party, in his pleadings, sets up and relies on a contract reduced in writing, he will not be allowed by parol evidence to show a different contract in essential particulars." To the same effect are the cases of Belanger v. Hersey, 90 Ill. 70, and Kellogg v. Moore, 97 Ill. 282.

Messrs. FRED. E. SCHELL and S. M. KASE, for appellee.

Where a bill is taken for confessed, from the silence of the party, he is estopped from denying its truth. Manchester v. McKee, 4 Gill. 511.

It can not be urged in the Appellate Court that the evidence on which the decree passed was sufficient, the rule being well settled that when a bill is taken for confessed the party against whom the decree is taken can not complain and assign for error the insufficiency of the evidence. Manchester v. McKee, 4 Gill. 511; Stephens v. Bichnell, 27 Ill. 444.

Under the general prayer for relief a court of chancery may decree that which is not specifically prayed for and grant more than is asked. Isaacs v. Steel, 3 Scam. 97, 104; Curyea v. Berry, 84 Ill. 600.

Where the decree differs somewhat from the special prayer in the bill but is not repugnant to or inconsistent with the prayer for relief, it will be sustained. Bruner v. Manlove, 3 Scam. 339.

Where the assessment of damages is not sustained by adequate proof, a motion should be made in the court below

to set aside such assessment, and on an exception taken to the judgment of the court in the overruling of such motion, and unless this is done the question can not be raised in the Supreme Court. McCord v. Mechanics' Nat. Bank, 84 Ill. 49.

The only mode of taking advantage of an objection to the master's report is by excepting to it in the court below, before which the case is pending. Dow v. Seely, 29 Ill. 495; Clark v. Laughlin, 62 Ill. 274; Reigard v. McNeil, 38 Ill. 400; Drake v. Latham, 50 Ill. 270; Stookey v. Stookey, 89 Ill. 40.

PILLSBURY, J. It appears from the certificate of evidence that the only testimony heard by the court was that reported by the special master, and that the decree was passed upon his report, the bill and exhibits and the default of the defendant. The report of the master shows that after the dissolution of the firm the parties referred their partnership accounts to arbitrators, and the accounts were by them adjusted, except the question of the rental of the shop and premises, and as to that matter no agreement was reached, and by mutual agreement it was reserved from the effect of the settlement.

The only testimony bearing upon the question of the rent is that of the complainant. When asked to state what the understanding was as to the rent during the partnership he answered:

"That during the partnership I was to pay $100 rent to the partnership. When the factory closed up, the nail mill having stopped, I told Mr. Waugh that I would quit, for the reason that I could not pay the $100 rent while the factory was stopped. Thereupon Mr. Waugh agreed with me that during the stoppage of the factory I was to pay no rent. In consideration of the release of the rent during the stoppage, I was to act as watchman of the property and keep the same in order, and also to work on a building which was being put up, for all of which I was to receive no pay except the release of the rent. I am a wood worker and did carpenter work on said building.

"I acted as watchman for the property, kept the same in order, fed the stock of the firm during the stoppage of the

factory, for all of which services I have never received any pay. In the arbitration the whole rents were charged to me by Mr. Waugh, and I have never received any part thereof, and I am now suing to recover my part of said partnership rents during said stoppage. The factory was stopped nine months and ten days, for which I am entitled to $50 per month, being one-half of the total monthly rental due the partnership and retained by said Mr. Waugh. The amount of my share of the rents during the stoppage being $466.67, was retained by Mr. Waugh and is now due and unpaid, and has been due since the 5th day of January, 1878."

It is seen from this testimony of the complainant that if the account should be taken upon the basis of the contract of co-partnership there was nothing owing to him by the defendant. The defendant retained no more for the rent than he was entitled to under the written contract, and it is only by virtue of a subsequent verbal agreement that the complainant has any ground for a decree in his favor.

There is nothing in the bill that would apprise the defendant that the complainant would rely upon any other contract than the one attached thereto as an exhibit; indeed, the bill limits the right of the complainant to have the partnership matter settled and adjusted "as provided in and by the said articles of co-partnership." If the bill had been answered, denying any indebtedness as charged, it is not perceived how a decree could pass for a specified amount, upon the present proof, without an amendment to the bill. The bill is not of that character that authorizes the court to enter a final decree *pro confesso* for substantial relief, as under its allegations it is necessary to take proofs to determine the state of accounts between the parties. A default of the defendant in a bill in chancery admits the facts properly alleged in the bill and nothing more. Thompson v. Dearborn, 107 Ill. 87.

It is said in Frye's case, 5 Gilm. 336, that the defendant, by failing to answer, admits only such allegations as are contained in the bill, and the complainants would have been permitted to prove had an answer been filed; and as the complainants would not have been allowed to prove any substantive facts

not alleged in the bill, in case an answer had been put in, they can not insist that any such are admitted for want of an answer. It is noticed that in this case all the evidence is preserved in the record, and if it does not authorize a decree for the complainant under his bill, it is clear that the defendant can have the same advantage upon error as though a like decree had been rendered upon answer denying the allegations of the bill. The proof here shows a case not only variant from the averments in the bill, but directly in opposition thereto, as from it it is clear that nothing was due the complainant upon the contract set out and relied upon in the bill as a basis of recovery; and the holding of the court in Parkhurst v. Race, 100 Ill. 558, that "it is error for the court to find a fact not alleged in the pleadings of the parties, but stated directly the reverse and against the entire evidence preserved in the record," would seem to be applicable to the record before us. It is a rule of practice so familiar to every lawyer, that it requires no citation of authorities in its support, that the allegations and proofs must correspond and mutually support each other, and although a good case may appear in the evidence, yet if it be substantially variant from that stated in the bill, relief can not be granted. And where the facts found are preserved in the record, either by recitals in the decree or by certificate of evidence, this rule will apply in cases where a default has been entered as well as upon a hearing upon issues formed by answer. Objection is also taken to the action of the court in vacating the reference to the regular master and appointing a special one to take testimony. It does not appear from the record why this change was made, and in such case we must presume the court had sufficient reason for its action. Farnsworth v. Strasler, 12 Ill. 482.

It is also insisted that the stipulation contained in the articles of co-partnership that any dispute between the parties should be settled by arbitration, deprives a court of equity of its jurisdiction. We do not so understand the law. No consent of the parties can confer upon a court the power to adjudicate upon the rights of parties where the law does not confer it; neither can the agreement of parties deprive the court of a

jurisdiction conferred by the law when either of the parties seeks its aid to determine his rights. Courts can not allow their jurisdiction to be thus destroyed, and if in invoking it the complainant violates his contract, the defendant will be left to his remedy in some appropriate proceeding, but will not be allowed to plead such contract in bar of the jurisdiction of the court.

For the reason stated, that the proof does not sustain the bill, the decree will be reversed and the cause remanded with leave to complainant to amend his bill if he shall be so advised, and the defendant to answer, and for further proceedings.

*Decree reversed.*