# Henrietta Andrews v. Max Donnerstag et al.

1. FRAUDULENT CONVEYANCES—*May be Set Aside in Equity.*—It has long been settled, in this State, that it is the proper province of a court of equity to remove fraudulent conveyances that stand in the way of the collection at law of money judgments.

2. SAME—*Exhaustion of Legal Remedy Not Necessary to Attack Upon in Equity.*—When the scope and effect of a bill is simply to set aside and remove out of the way of the complainant's execution upon a judgment at law, certain conveyances executed by the judgment debtor, without any valuable consideration, after he became debtor to the complainant, it is not necessary to allege and prove the exhaustion of his legal remedy, but the creditor may file his bill as soon as he recovers judgment.

3. SAME—*Attacks Upon, in Equity.*—The fact that land fraudulently conveyed could have been levied on and sold without first attacking the fraudulent conveyance does not bar the remedy in equity to have the conveyance set aside.

4. SAME—*Sale of Land after Removal of Fraudulent Conveyance Proper under Prayer for General Relief.*—Where a fraudulent conveyance has been set aside, a decree directing the sale of the property is proper under the prayer for general relief.

5. DECREES—*When Finding of Facts Recited in, is Conclusive.*—In the absence of a bill of exceptions, a court of appeal is concluded by the finding of facts recited by a decree.

**Bill,** to set aside a fraudulent conveyance. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 24, 1897.

MOSES SALOMON, attorney for appellant.

BULKLEY, GRAY & MORE, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The bill in this case was filed by the appellees in aid of an execution issued upon a judgment at law recovered by them against one Henrietta Diamond for $1,395.10, and levied upon certain real estate which it was alleged was, prior to the rendition of said judgment, but subsequent to

the incurring of the indebtedness upon which the judgment was recovered, fraudulently conveyed by the said Diamond to the appellant for the purpose of defrauding the creditors of said Diamond, and of putting the same beyond the reach of a levy and sale under said execution, and the prayer was, *inter alia*, that said conveyance might be set aside, and that the premises be sold to satisfy the said judgment.    Answers were filed by all the defendants to the bill, denying all fraud, etc., and averring good faith in the attacked transaction.

The decree appealed from, found that the said conveyance to the appellant was a sham, was made by said Diamond without any consideration, and was made with the fraudulent intention alleged, and that appellant took the conveyance with knowledge of such fraudulent intention; and adjudged that the same be set aside and vacated and declared to be null and void, and of no effect as against the appellees, and ordered that appellees be authorized to proceed under the said levy to cause said real estate to be sold by the sheriff to satisfy said judgment, etc.

No certificate of evidence is made to appear in the record before us, and the only question raised by appellant's brief is that the bill upon its face is insufficient to support the decree, and is without equity.

It has long been settled in this State that it is the proper province of a court of equity to remove fraudulent conveyances that stand in the way of the collection at law of money judgments.    Farnsworth v. Strasler, 12 Ill. 482.

The bill was not a pure creditor's bill, filed for the purpose of reaching equitable assets and subjecting them to the payment of the judgment, to sustain which it would be necessary to allege and prove an exhaustion of legal remedies by a return of execution unsatisfied before the filing of the bill.

But, as said in Wisconsin Granite Company v. Gerrity, 144 Ill. 77: "Its real scope and effect is simply to set aside, and remove out of the way of complainant's execution upon its judgment at law, certain conveyances executed by the defendant after he became debtor to the complainant,

without any valuable consideration and purely voluntary, and therefore fraudulent in law as against the rights of the complainant, to sustain which it was unnecessary to allege and prove the exhausting of its legal remedy before the filing of its bill, but it was authorized to file its bill as soon as it had recovered its judgment."

In the case just quoted from, as in this case, it was contended that there was other property belonging to the judgment debtor out of which the execution might have been made. In that case it was attempted to make such fact appear in evidence, and in this case it is said that it so appears on the face of appellees' bill. We do not so understand the bill to show, but if it does, the decree finds that the judgment debtor "has no other property, real or personal, out of which the execution" could be made; and in absence of a certificate of evidence, we are concluded by such finding.

It may be, as argued, that appellees might have ignored the conveyance, and proceeded to sell the fraudulently conveyed real estate without first obtaining a setting aside of the conveyance, but they were not bound to do so. They had the right to elect to pursue the course marked out in their bill here. Quinn v. The People, 45 Ill. App. 547.

If we correctly understand the point made by the appellant, that the decree gave relief not specifically prayed for, to mean that because the specific prayer was that the conveyance to appellant be set aside, it was error to authorize appellees and the sheriff to proceed to sell the premises under the levy made, we may say that the prayer asked also for such other relief as might appear to be equitable. It may perhaps be said that such additional relief was quite unnecessary; for the right to proceed to sell would follow a setting aside of the conveyance; but if it were necessary, then we think it was properly ordered under the prayer for general relief.

A careful consideration of the entire record before us, and of appellant's several contentions, has satisfied us that the bill presented a sufficient and equitable case for the relief decreed, and the decree is therefore affirmed.