## Robert Rae, Jr., et al., v. Homestead Loan and Guaranty Company.

1.  CONTRACTS—*Payable in Gold Coin Valid.*—A contract expressly made payable in gold is valid, and is enforceable as made.

Foreclosure, of trust deed.—Trial in the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Hearing and decree for complainant. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed May 31, 1898.

ROBERT RAE, attorney for appellants.

WILSON, MOORE & MCILVAINE, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court. Appellant gave to appellee his bond, dated August 1, 1895,

in the penal sum of $9,800, conditioned for the payment of $4,900 and interest "in gold coin of the United States of America of the present standard of weight and fineness." He also, at the same time, gave a trust deed conveying certain real estate to secure the performance of the provisions of said bond. Default having been made in the payment of interest, appellee declared the principal sum secured to be paid by said bond due and payable under the provisions thereof, and filed its bill in chancery to foreclose said trust deed. To said bill appellant filed his special demurrer, which was overruled. The appellant elected to abide by his demurrer, and upon proof taken in open court, final decree of foreclosure in the usual form was entered. As stated in brief of solicitor for appellant, "the subsequent proceedings after entering the default are not preserved in a certificate of evidence, and therefore no assignment of errors is possible" as to such subsequent proceedings.

The only question presented in this case is, whether the contract embodied in said bond for payment in "gold coin" is against public policy and void.

This question is most elaborately and exhaustively argued on behalf of appellant. But it is not an open question for this court, and even if we were disposed to sustain his position (which we are not), the validity of said bond is settled by the Supreme Court of this State in Belford v. Woodford, 158 Ill. 122. It is there held that a contract expressly made payable in gold coin is not void, but is enforceable as made.

The decree of the Circuit Court is affirmed.