## Eliza Dorr et al. v. Amy H. Hunter.

1. EQUITY PRACTICE—*Power to Appoint a Special Master.*—The Circuit Court has power to appoint a special commissioner to make a sale of property decreed to be sold, and to execute the decree in other respects.

**Bill to Foreclose a Mortgage.**—Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed June 9, 1899.

GEO. G. BELLOWS, attorney for plaintiffs in error.

GEORGE W. WATERMAN and AUGUSTUS S. PEABODY, attorneys for defendant in error.

Mr. Justice Shepard delivered the opinion of the court.

The plaintiffs in error elected to stand by their demurrer to a bill by the defendant in error to foreclose a trust deed, in the nature of a mortgage upon real estate, whereupon a decree of sale was entered.

Except as to one point, which will be mentioned hereinafter, the questions presented upon this record are identical with those involved in Rae v. Hempstead Loan and Guaranty Company, 76 Ill. App. 548, affirmed by the Supreme Court, 178 Ill. 369, and we need only refer to those cases for the law upon the main questions here raised—the facts being in every respect substantially the same in both cases.

The excepted point is, that the Circuit Court erred in appointing a special commissioner to make a sale of the property to be sold, and to execute the decree in other respects, and reliance is had upon our statutes relating to masters in chancery, their powers and duties.

The point can not be sustained. Mr. Freeman, in his work on Executions, section 291, in speaking of the authority to make sales under decrees in chancery, says:

" The general vesting by statute in a class of officers of authority to execute a decree seems not to impair the power of the court to appoint a special master to make a sale. The sale is made by the court, and whether the officer deputed to make it is styled a master, commissioner or trustee, he is a mere instrumentality of the court."

In Farnsworth v. Strasler, 12 Ill. 482, the Supreme Court said:

" We can not say that the Circuit Court erred in appointing a special commissioner or master to carry the decree into execution; although it was business properly appertaining to the duties of the resident master in that county, yet the court was vested with the authority to appoint the special commissioner to execute the decree, and we will presume that this change from the ordinary course was made for sufficient reasons, and the court was not bound to spread those reasons upon the record."

Again, in Lubliner v. Yeomans, 65 Ill. 305, it is said:

" It is objected that the court appointed a special master

in chancery to execute the decree. It will be presumed such appointment was properly made, the record showing nothing to the contrary."

See also Grubb v. Crane, 4 Scam. 153, and Waugh v. Schlenk, 23 Ill. App. 433.

There seems to be no error in the record, and the decree will be affirmed.