ALFRED HULL

*v.*

JACOB KOHLSAAT.

1. JUDGMENTS *for money*. Judgments are only rendered for a specific sum of money, leaving them to be discharged in whatever has been rightfully made a legal tender for the payment of debts.

2. CONTRACTS PAYABLE IN GOLD — *construction of a contract*. A note was given as follows: "Six months after date I promise to pay to Alfred Hull, or order, seventy-five dollars, with ten per cent. interest, without defalcation, for value received in American gold." It was held, the note was not specifically payable in "American gold." The language used was construed to mean that the value for which the note was given was that kind of gold, not that the maker would pay in that specific kind of money. The contract was to pay a specified sum of money in dollars, without naming the kind, and was payable in any kind of money that is a legal tender for the payment of debts.

3. Had the words "in American gold" immediately followed the word "dollars," in the note, then it might have been payable in American gold or its equivalent.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

Alfred Hull instituted an action of debt in the court below, against Jacob Kohlsaat, upon the following instrument:

"STATE OF ILLINOIS, JO DAVIESS COUNTY, }
"$75.00.          TOWN OF WOODBINE, April 1, 1862. }

"Six months after date, I promise to pay to Alfred Hull, or order, seventy-five dollars, with ten per cent. interest, without defalcation, for value received, in American gold.
                    JACOB KOHLSAAT.   [SEAL.]"

The general issue was pleaded, and the cause was tried by the court, without a jury.

The plaintiff introduced the instrument sued upon in evidence, and proved that gold, as compared with United States legal tender treasury notes, was at fifty-eight per cent. premium.

The court found the debt $75, and $14.85 damages, being the interest which had accrued at ten per cent. per annum. The plaintiff moved for a new trial, which was refused, and judgment was entered upon the finding. Thereupon the plaintiff took this appeal, and now insists the judgment is erroneous or correct, as the court may decide upon this proposition:

"If this written instrument is a special contract for the payment of gold, and the court holds that the contract for gold can be liquidated and satisfied by the payment of anything else, then the appellant is entitled to a judgment for such quantity or such an amount of the article or thing as will be equivalent to the value of the gold.

"This depends on whether or not Congress has the power to pass the paper tender bill of Feb. 25, 1862. If it has not the constitutional power to pass such a law, then all contracts will be paid in the money of the constitution. which is gold and

silver, and when judgments are rendered, parties can collect their executions in such money.

"If the law is constitutional, and the appellee is permitted to satisfy this contract for gold by the payment of paper tender notes, then he must pay such a quantity of those paper tender notes as will be equivalent to the market value of the gold."

Mr. L. SHISSLER, and Mr. D. SHEEAN, for the Appellant.

Mr. M. Y. JOHNSON, for the Appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The judgment in this case is for dollars, neither specifying one kind nor another. We are at a loss to perceive how the question made in this case can arise on this record. Judgments are only rendered for a specific sum of money, leaving them to be discharged in whatever has been rightfully made a legal tender for the payment of debts. In this case, this practice seems to have been strictly observed.

It, however, seems to be supposed that the note sued upon required the rendition of a judgment for the sum due, to be discharged in gold coin. The note is this: "April 1st, 1862. Six months after date I promise to pay to Alfred Hull, or order, seventy-five dollars, with ten per cent. interest, without defalcation, for value received in American gold." Even if the practice was as is contended, a fair construction of this note does not make it specifically payable in "American gold." Its obvious grammatical meaning is, that the value for which the note was given was that kind of gold. Not that the maker will pay in gold. He contracts to pay a specified sum of money in dollars, without specifying the kind, and the law implies that they shall be such as are legally a tender for the payment of debts.

Had the words "in American gold" immediately followed the word "dollars," in the note, then it might have been payable as it is now contended. But being connected with, and following

immediately after, the words "value received," they relate to these latter words. They point out what was the value which the maker had received from the payee. The question whether this judgment may be discharged in United States treasury notes is not presented by this record, and will not therefore be discussed at this time.

The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*