## Richard H. McGoon *et al.*

### *v.*

### John Shirk.

1. Chancery—*removal of incumbrance on the application of the debtor.* A party who has placed an incumbrance upon his property, as by a deed of trust, may come into a court of equity to obtain the removal of the incumbrance, by compelling the creditor to accept payment of the debt upon the terms and in the manner the debtor is entitled to discharge the same, according to the proper legal construction of their contract.

2. Contracts *specifically payable in gold—application of the legal tender act.* In an action upon a contract payable in gold and silver, entered into prior to the passage of the legal tender act of February 25, 1862, it has been held, that under that act, damages may be properly assessed and judgment rendered, so as to give full effect to the intention of the parties as to the medium of payment, and where it appears to be the clear intent of a contract that payment or satisfaction shall be made in gold and silver, damages should be assessed and judgment rendered accordingly.

3. Express contracts to pay in coined dollars can only be satisfied by the payment of coined dollars. They are not "debts" which may be satisfied by the tender of United States notes.

4. In the application of this rule, no distinction is made as to the time when such contracts may have been entered into.

5. So where a promissory note was payable, in terms, in American gold, such note having been executed subsequent to the passage of the legal tender act, on an application of the maker, who had given a deed of trust to

secure the note, to a court of equity, to be relieved from making payment in gold, and to compel the holder to receive legal tender notes in discharge thereof, the relief sought was denied, on the ground the note could only be satisfied by the payment of gold, according to the contract.

6. FORMER DECISIONS. The cases of *Hull* v. *Kohlsaat*, 36 Ill. 130, *Whetstone* v. *Colley*, ib. 328, and *Humphrey* v. *Clement*, 44 ib. 299, holding a different rule, are overruled by the cases of *Bronson* v. *Rodes*, 7 Wallace, 229, and *Butler* v. *Horwitz*, ib. 258.

7. ACTS OF CONGRESS — *construction* — *authority of Federal and State courts.* In construing an act of congress, its force and effect, the supreme court of the United States is the highest and most authoritative tribunal known to our laws, and its decisions in that regard must override those of the supreme court of a State on the same subject.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The opinion sufficiently states the case.

Mr. DAVID SHEEAN, for the appellants

Mr. OLIVER C. GRAY and Messrs. SMALL & MILLER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The question presented by this record is, can a promissory note, payable, in terms, in American gold, be discharged by a tender of United States treasury notes, such promissory note having been executed subsequent to the passage of the act of February 25, 1862, called the legal tender act?

This court had occasion, so far back as 1864, to examine this question. The first case was that of *Hull* v. *Kohlsaat*, 36 Ill. 130, which was an action at law on a note of this tenor: "Six months after date, I promise to pay to Alfred Hull, or order, seventy-five dollars, with ten per cent interest, without defalcation, for value received in American gold," and dated April 1, 1862. It was there held, the note was not specifically

payable in American gold, but, if the words "in American gold" had immediately followed the word "dollars," in the note, then it might have been payable in American gold or its equivalent, but being connected with, and following immediately after, the words "value received," they relate to these latter words—they point out what was the value which the maker had received from the payee.

The next case was that of *Whetstone* v. *Colley*, 36 Ill. 328. There the note was as follows: "On or before the first day of March next, for value received, I promise to pay Thomas Colley $150, with ten per cent interest from date, in gold. July 17, 1862."

This note was counted on as a contract to deliver one hundred and fifty gold dollars, and interest, averring that these were of the value of $500. There was also a count on the note, as a promissory note, averring the value of the $150 in gold, and interest, to have been $500 at the maturity of the note. There was also a count in *indebitatus assumpsit* for gold sold and delivered; gold coin sold and delivered; bullion sold and delivered; money lent, and interest.

It was proved on the trial, that gold was loaned to the maker of the note, and that, at the date of the transaction, gold was at a premium of sixty-seven cents over United States legal tender notes.

On this evidence, the court assessed the damages of the plaintiff at $235.50.

On appeal to this court, it was held, the court erred in the measure of damages, and that a judgment on a promissory note, payable in gold, in express terms, could be entered up for the face of the note, and interest, in dollars only, and that the value of gold over legal tender notes was not a subject for consideration in an action brought on such a note.

The next case was *Humphrey* v. *Clement*, 44 Ill. 299, in chancery, for the specific performance of a contract for the sale and conveyance of a tract of land, in which, by its tenor, the purchase money was to be paid in gold.

It was held, the contract could be discharged by the payment of the price agreed upon in legal tender notes, and a specific performance was decreed, such notes having been tendered in performance.

These cases announced the view this court entertained and endeavored to enforce by such arguments as were deemed sound and applicable.

The record before us shows an application by the debtor party to chancery, to relieve him from paying a note, the consideration of which was American gold loaned to him by the appellant, on his written promise to pay the same in like coin, and to compel appellant to receive legal tender notes in discharge thereof.

On the authority of the cases cited, we should have been compelled to hold, the maker of the note had this right, and that he might come into a court of equity to enforce it. That a party who has placed an incumbrance upon his property, as in this case, by a deed of trust, may come into a court of equity to obtain the removal of the incumbrance, will not be denied; and so coming, he must have the principles of law, when they apply, administered to him.

Since the decision of these cases, the questions involved in them have been considered and determined by the supreme court of the United States, in two cases, the conclusions in which are directly opposed to the views we have expressed in the cases cited.

The first case is *Bronson* v. *Rodes,* 7 Wallace, 229, and the other, *Butler* v. *Horwitz,* ib. 258.

In the case first named, the contract was entered into previous to the passage of the legal tender act of February 25, 1862, and was for the payment of a certain sum in gold and silver coin, lawful money of the United States, and the question was, " Was Bronson bound by law to accept from Rodes United States notes equal in nominal amount to the sum due him, as full performance and satisfaction of a contract which stipulated for the payment of that sum in gold and silver coin, lawful money of the United States ?"

This question was fully argued by the Chief Justice, in delivering the opinion of the majority of the court, and was answered by saying, that upon a reasonable construction of the legal tender act, compared with other acts of congress, it must be held to sustain the proposition, that express contracts to pay coined dollars can only be satisfied by the payment of coined dollars. They are not "debts" which may be satisfied by the tender of United States notes.

In the subsequent case of *Butler* v. *Horwitz, supra,* which was an action upon a contract payable in gold and silver, entered into prior to the passage of the legal tender act, the majority of the court say, referring to the case of *Bronson* v. *Rodes, supra,* that under the existing laws of which, in respect to legal tender, the constitutionality is assumed, damages may be properly assessed and judgment rendered, so as to give full effect to the intention of parties as to the medium of payment, and when it appears to be the clear intent of a contract, that payment or satisfaction shall be made in gold and silver, damages should be assessed and judgment rendered accordingly.

No distinction is made as to the time when such contracts may have been entered into. The intent of the parties is to govern, and if it clearly appears the intention was to pay in gold, the court will so enforce the contract.

In construing an act of congress, its force and effect, the supreme court of the United States is the highest and most authoritative tribunal known to our laws, and to which other courts habitually defer. Decisions of that court, on the meaning of an act of congress, must override those of the supreme court of a State on the same subject, and the decisions cited overrule those of this court in *Hull* v. *Kohlsaat, Whetstone* v. *Colley,* and *Humphrey* v. *Clement, supra,* and must be regarded as declaring the law of this case. The note was payable in American gold, and in that medium alone, without the consent of the payee, could it be paid and satisfied. The court erred in holding the tender of treasury notes sufficient, and a compliance with the contract, and for this error the decree must be

reversed. As the bill contains no equity, it must be dismissed, and appellant remitted to his rights under the deed of trust. Appellant will recover his costs.

*Decree reversed.*