ZACHARIAH A. MORROW *et al.* Adm'rs, etc.

*v.*

WILLIAM C. RAINEY *et al.*

REDEMPTION FROM SALE ON FORECLOSURE—*legal tender notes.* The act of Congress of February 25, 1862, known as the legal tender act, did not operate to authorize a redemption from a sale on foreclosure of a mortgage, had prior to the passage of that act, by payment or tender of United States treasury notes.

WRIT OF ERROR to the Circuit Court of Greene county; the Hon. D. M. WOODSON, Judge, presiding.

Mr. J. W. ENGLISH and Mr. WILLIAM THOMAS, for the plaintiffs in error.

Messrs. WOODSON & WITHERS, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This record presents this case : At the October term, 1861, of the Greene Circuit Court, William Dodgson obtained a decree in chancery against plaintiffs in error, as administrators of French Hazle, deceased, to foreclose a mortgage before that time executed by Hazle to Dodgson, on certain lands in the county of Greene. In pursuance of the decree, Richard B. Hill, the master in chancery of that county, on the first day of January, 1862, sold the mortgaged premises to William C. Rainey, for the sum of $537, which was paid in gold coin, he

being the highest and best bidder, and who received from the master a certificate of purchase in the usual form.

On the 11th day of November, 1862, the plaintiffs in error tendered to Rainey, he holding the certificate of purchase, the amount bid by him for the lands, with the interest thereon at the rate of 10 per centum, in United States treasury notes, called legal tender notes. These Rainey refused, demanding gold coin, and the master declared he would make a deed to Rainey if gold coin was not paid. Thereupon, plaintiffs in error filed their bill to enjoin Hill, the master, from making a deed, and Rainey from disposing of the certificate of purchase.

At the October term, 1863, on defendants' motion, the injunction was dissolved and the bill dismissed for want of equity.

To reverse this decree, the complainants bring the record here by writ of error, and raise these questions: Is the right to redeem under the statute of this State an incident to the debt, or a mere privilege ? Is this right to redeem within the intent and meaning of the act of Congress of February 25, 1862, commonly called the legal tender act? and, third, is that statute in accordance with the Constitution of the United States ?

We shall discuss the main proposition on which this case hinges, and that is, the effect of the act of Congress in question, in this case.

Counsel for plaintiffs in error contend that the purchaser at the mortgage sale did not purchase the land sold, but merely the debt due from Hazle's estate to Dodgson, the mortgagee, with a condition attached that if the administrators, creditors or heirs did not pay the debt, with interest at a fixed rate, within fifteen months, the estate would forfeit the land, and the purchaser would acquire the title. They insist that the purchaser occupied the position of the mortgagee, and, like the mortgagee, was a creditor merely.

We discuss the case on this proposition, that the purchase by Rainey did not extinguish the debt due by Hazle's estate. The sale was made on the first of January, 1862, on a mortgage to secure a note payable in lawful money in 1861.

This presents a case identical in principle to the cases decided by the Supreme Court of the United States, placing their construction upon the act of Congress cited, and whose peculiar duty it is to expound acts of Congress, when brought judicially before them.

In the case of *Bronson* v. *Rodes*, 7 Wal. 229, it was said that it was clear beyond controversy that the act of February 25, 1862, must receive the reasonable construction, not only warranted by, but required by, the comparison of its provisions with the provisions of other acts, and with each other, and that upon such reasonable construction it must be held to sustain the proposition that express contracts to pay coined dollars can only be satisfied by the payment of coined dollars. They are not " debts " which may be satisfied by the tender of United States notes.

Although, in the case before us, there was no express contract to pay gold on redemption, the record shows that gold was paid on the purchase of the land, and if a debt thereby arose, which the owner must pay, on redemption, it was a debt payable in gold by operation of the law then in force, and the obligation to pay it in gold was as binding as in an express contract.

Again, the same court, in the case of *Butler* v. *Horwitz*, ibid. 258, said, that a contract to pay a certain sum of money in gold and silver coin, is, in substance and legal effect, a contract to deliver a certain weight of gold and silver, of a certain fineness, to be ascertained by count, and when the intent of the parties, as to the medium of payment, is clearly expressed in a contract, the intent must be effectuated by the courts.

In a subsequent case, *Hepburn* v. *Griswold*, 8 ibid. 603, it was said that, contracts for the payment of money made before this act of congress, had reference to coined money, and could

not be discharged, unless by consent, otherwise than by tender of the sum due, in coin. Every such contract was, therefore, in legal import, a contract for the payment of coin.

Admitting, then, there was a debt due from the redemptioner to the purchaser of the land, the debt was created prior to the passage of the act in question, and the rights of the parties must be determined by that act as construed by the Supreme Court of the United States in the cases cited.

This court, in the case of *Billings* v. *Riggs*, 56 Ill. 483, held, after full consideration, that a redemption of land from a sale for taxes had in 1861, the then existing law requiring redemption to be made in coin, could only be effected by a payment in coin, and that the act of congress in question did not affect the case.

This case does not differ in principle from that case. It follows, therefore, that a tender in treasury notes was not sufficient to effect a redemption, and the master in chancery was justified in refusing them.

We can perceive no equity in the case of plaintiffs in error, and are of opinion the circuit court decreed properly in dissolving the injunction and dismissing the bill, and we affirm the decree.

*Decree affirmed.*