ROBERT RAE, Jr. *et al.*

*v.*

THE HOMESTEAD LOAN AND GUARANTY COMPANY.

*Opinion filed February 22, 1899.*

1. APPEALS AND ERRORS—*when alleged invalidity of mortgage contract cannot be considered on appeal.* The alleged invalidity of a mortgage contract, based upon the ground that it called for payment in gold, cannot be considered on appeal from foreclosure proceedings, where the decree merely finds the amount due in dollars and cents, without requiring payment in any particular kind of money.

2. CONTRACTS—*effect if gold clause in a contract were to be held void.* A clause in a mortgage calling for payment in gold, even though it were assumed to be void, would not relieve the mortgagor from his obligation to pay the amount in some kind of legal tender.

*Rae v. Homestead Loan and Guaranty Co.* 76 Ill. App. 548, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

Appellee filed a bill to foreclose a certain mortgage upon certain property therein described, in which it was recited that the defendants became indebted to the complainant in the sum of $4900, which was to be paid in ten years from the date of the mortgage in gold coin of the United States of the then standard weight and fineness. The bill alleges that the defendants made default in payment of one or more of the installments due upon the loan, in consequence of which the complainant elected to declare the amount of the loan and coupon notes due and payable, as authorized by the terms of the trust deed. It is alleged that there is now due and unpaid the aggregate of the several installments past due and of the unpaid principal, and prays for a decree for the payment of the amount that may be found due, and that the same may be paid in gold coin, etc.

A general and special demurrer was interposed to this bill, setting forth the special causes, as follows:

*First*—The matters and things set out in complainant's bill are, under the act of July 14, 1890, and the act of November, 1893, contrary to public policy and void.

*Second*—Because it is not lawful for the complainant and the defendants to make any metallic money but gold and silver a money tender in the payment of any debt contracted in the United States to be paid in the United States.

*Third*—That so much of the act of Congress of February 28, 1878, entitled "An act to authorize the coinage of the standard silver dollar and to restore its legal tender character," which provides that gold and silver money of the United States shall be legal tender for payment and discharge of debts and obligations is valid, but the proviso permitting parties to make such special contracts as they please as to the payment of debts and obligations, if in money, if made payable in gold only, is void.

*Fourth*—That the contract or mortgage set forth in the said bill, and the relief prayed therein, are void, as against public policy.

*Fifth*—That by virtue of article 1, section 8, paragraph 5, of the constitution of the United States, Congress alone "has power to coin money and regulate the value thereof," and by article 1, section 18, paragraph 1, of said constitution, it is provided that "no State shall coin money, emit bills of credit or make anything but gold and silver coin a legal tender" in the payment of debts in contracts made in the United States to be performed in the United States, and that the contract set up is void as against public policy. Said defendants claimed jointly and severally the benefit of said constitutional provisions.

The demurrer was overruled, the defendants excepted, and the court ruled them to answer instanter, which the defendants declined to do and elected to stand on their

demurrer. The bill being taken as confessed, a decree was entered *pro confesso*, which, on the points raised by the demurrer, finds the amount due according to the terms and conditions of said bond to be $5350.76, and allows $7 for obtaining an abstract; finds that $245 is a reasonable sum to be allowed as solicitor's fees; orders that the said defendants, within five days from the entry of the decree, pay the sum of $5857.76, with interest thereon at the rate of five per cent per annum from the entry of the decree, and also $245 as solicitor's fees, in default whereof that one of the masters in chancery shall sell the property in the manner prescribed by law.

ROBERT RAE, for appellants.

WILSON, MOORE & McILVAINE, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The elaborate and able argument for appellants can not be considered on what appears from this record, as the decree does not find or require judgment in any particular kind of money, but finds a sum due in dollars and cents. Even if it were assumed that contracts of this character could not be sustained, still, by the final decree the appellants are not prejudiced,—they cannot be heard to complain in an appellate tribunal. If the character of money in which payment is contracted to be made be rejected from the contract, still the liability for payment in some kind of legal tender would exist, hence by the decree no prejudice resulted to appellants in overruling their demurrer.

The decree is affirmed.                 *Decree affirmed.*