ELIZA DORR *et al.*

*v.*

AMY HUNTER.

*Opinion filed December 18, 1899—Rehearing denied February 7, 1900.*

1. APPEALS AND ERRORS—*when question of invalidity of gold clause in mortgage is not properly involved.* The question of the alleged invalidity of a gold clause in a mortgage is not properly involved on appeal from a foreclosure decree merely directing the payment of the amount found due in dollars and cents.

2. MORTGAGES—*a mortgage calling for payment in gold is valid.* A mortgage calling for payment in gold coin of the United States of the then standard weight and fineness is valid, and may be enforced in the courts without violating any principle of law or public policy, although legal tender notes and silver may be in circulation.

BOGGS and PHILLIPS, JJ., dissenting.

*Dorr* v. *Hunter*, 83 Ill. App. 334, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

Amy Hunter, the appellee, filed a bill to foreclose a deed of trust on certain property in Chicago. The bill alleges that Eliza Dorr and George W. Dorr, on or about September 20, 1895, made their joint and several promissory note, payable to their own order, for the sum of $4500, five years after date, with interest at six per cent per annum, payable semi-annually, on the 20th days of March and September of each year, with the right to pay the principal sum three years after date, giving sixty days' notice of intention to so do, without grace, in gold coin of the United States of America in the then standard weight and fineness, and ten interest notes numbered 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, of even date with the principal note, payable to their own order, each of the sum of $135, endorsed by them, which principal notes and interest notes are held by complainant; that the principal note

was given for a loan of $4500; that to secure the payment of all said notes Eliza Dorr and George W. Dorr, and Eliza Dorr, a widow, executed and delivered to Francis B. Peabody, as trustee, a trust deed conveying the premises therein mentioned, which was recorded; that Eliza Dorr has failed to keep the covenants in the trust deed named; that Eliza and George W. Dorr have not paid the certain coupon note of $135 numbered 4, due September 20, 1897; that through neglect of Eliza Dorr the premises were sold for the taxes of 1896; that she has failed to redeem and has not paid the certain premiums of insurance of the building on said premises, nor has any one paid them, or paid the said interest note, or redeemed from the said tax sale, or paid said insurance on the premises; that by reason of such default the said premises have become forfeited, subject to redemption; that in case of foreclosure there be included in the decree the sum of $200 for complainant's solicitor, said sum being provided in said trust deed, and moneys advanced for taxes and insurance; that the trust deed and principal note provide that if default be made in any one of the interest notes at its maturity, and continue for thirty days, the principal should become due at the election of the holder of the note, without notice that default had been made; that Amy Hunter, being the owner and holder of said note, elects to declare, and does declare, the principal sum of $4500 to be due and payable; that there is now due and payable the said principal note of $4500 in gold coin of the United States of America of the standard weight and fineness on September 20, 1895, with interest, in such gold coin, from March 20, 1897; that there is also due in gold coin the interest note numbered 4, $36 premium of insurance, $36 advanced for premium, with interest, $61.90 paid to redeem premises from tax sale, and $200 solicitor's fees. The bill asks that defendants answer, oath to answer being waived; that an account be taken; that defendants be decreed to pay whatever sums shall be

found due, with solicitor's fees and costs; that in default the premises be sold.

To the bill a general and special demurrer was filed, in which it was in substance claimed that the contract for the payment of the mortgage indebtedness in gold coin of the United States was void. The court overruled the demurrer, and, the defendants electing to abide by their demurrer, a decree was rendered requiring the payment of $5067.10, the amount due under the terms of the notes and deed of trust, within a day named, and in default of payment that the mortgaged premises be sold. The defendants appealed to the Appellate Court, where the judgment was affirmed, and to reverse the latter judgment this appeal was taken.

GEORGE G. BELLOWS, for appellants.

EDMOND McMAHON, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It will be observed that the decree rendered in this case does not require the amount found to be due on the notes and mortgage to be paid in gold coin of the United States, but merely directs the payment of a certain sum of money within a specified time. The case is therefore one in all respects like *Rae* v. *Homestead Loan Co.* 178 Ill. 369, where we held that the alleged invalidity of a mortgage contract, based upon the ground that it called for payment in gold, cannot be considered on appeal from foreclosure proceedings, where the decree merely finds the amount due in dollars and cents, without requiring the payment in any particular kind of money. But, independently of the case cited, we regard a contract payable in gold coin of the United States of the then standard weight and fineness, like the one in question, as valid, and one that may be enforced in the courts. The validity of such contracts has been sustained by not only the decisions of this court, but also by the rulings of the

Supreme Court of the United States. (*McGoon* v. *Shirk*, 54 Ill. 408; *Bronson* v. *Rhodes*, 7 Wall. 229; *Belford* v. *Woodward*, 158 Ill. 122; *Gregory* v. *Morris*, 96 U. S. 619.) We are aware of no principle of public policy which is violated by a contract like the one in question, nor does it violate any principle of law. If two contracting parties see proper to make a debt payable in gold coin of the United States of a particular standard weight and fineness, no reason is perceived why they may not do so. Nor is there any good reason why such a contract may not be enforced although legal tender notes or silver dollars may be in circulation as money.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BOGGS: I concur in the decision the decree appealed from should be affirmed, but not in what is said in the opinion on a subject not arising for decision in the case. In the trial court the appellant contended a contract requiring the payment of an indebtedness in gold coin of the United States was void. The chancellor ruled such a provision did not render the obligation void and rendered a decree which appellant could discharge in lawful money. The appellee did not complain in the trial court, and has not assigned as for error in this court, that she was entitled to a decree payable only in gold coin. The appellant persisted in his insistence the entire obligation was void, and presented that question to this court in this case. We decided that question in the prior case of *Rae* v. *Homestead Loan Co. supra*, and in accordance with the doctrine there announced the decree in this case was properly affirmed. Whether the chancellor could have lawfully so entered the decree as that the debtor could not discharge the decree debt in any lawful legal tender money but must pay it in gold coin, and if he failed to make payment in gold coin the master should advertise the mortgaged land for sale, to be paid for in gold coin only, and bidders at such sale should

be required to pay the amount of their bids in gold coin only, was not presented to us to be decided. The complainant below was content with a decree to be paid in legal tender money. The trial court rendered that character of decree. Consequently, whether a different decree might have been lawfully rendered, whereby the decree debts should be payable only in gold, although legal tender notes or silver dollars were in circulation as money, was not presented for adjudication. What is said in the opinion on that point are but "by-the-way" observations relative to a subject not involved in the determination of any contention of either of the parties. A digression for the purposes of giving expression to remarks directly opposite in reasoning, character and effect might have been indulged in without in anywise changing the judicial determination of the questions arising for decision in the cause. Observations, reasonings or conclusions of this character have no authoritative force, and do not constitute an adjudication on the subject to which the discursive expressions relate. Wells on Res Adjudicata and Stare Decisis, sec. 581; 9 Am. & Eng. Ency. of Law, (2d ed.) 452.

Mr. JUSTICE PHILLIPS: I concur in the dissenting opinion of Judge BOGGS.